IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CYTEK BIOSCIENCES INC., et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-00933-MMC<br><br>**ORDER GRANTING MOTION TO DISMISS; AFFORDING LEAVE TO AMEND** |

Before the Court is defendant/counterclaimant Cytek Biosciences Inc.'s ("Cytek") motion, filed January 9, 2020, to dismiss the Fifth and Eighth Claims for Relief asserted against it in plaintiff/counterdefendant Becton, Dickinson and Company's ("BD") Second Amended Complaint.  BD has filed opposition, to which Cytek has replied.

Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

BD is a "medical technology company" that "manufactures and sells a broad range of medical supplies, devices, laboratory equipment, and diagnostic products," including flow cytometers.[2]  (See SAC ¶ 2.)  Cytek is a company that "service[s] and customize[s] BD flow cytometers" and "began selling its own flow cytometer products" in

---

[1] By order filed February 18, 2020, the Court took the motion under submission.

[2] "A flow cytometer suspends cells with fluorescent labels ('dyes') in a stream of fluid and passes them individually past one or more lasers and optical detection circuitry[;] [t]he resulting fluorescence is detected and measured to determine various properties of the cells, which can in turn provide critical information about human diseases and health." (See id. ¶ 38.)

March 2017. (See id. ¶ 4.)

On February 13, 2018, BD filed its initial complaint in the instant action, alleging "Cytek used BD's confidential, proprietary, and trade secret information as part of its effort to develop and market flow cytometry systems." (See Compl. ¶ 141.) After the Court ruled on motions to dismiss, the action proceeded under BD's claims as alleged in the First Amended Complaint ("FAC"), specifically, trade secret misappropriation, aiding and abetting trade secret misappropriation, and breach of contract. Thereafter, pursuant to stipulation of the parties, BD filed its Second Amended Complaint ("SAC").

In the SAC, BD alleges Cytek entered into license agreements for software BD authored "[i]n connection with its flow cytometer products," namely, FACStation Version 6.0.4 and FACSDiva Version 6.1.3, Version 7.0, and Version 8.0 (hereinafter, collectively, "software works") (see SAC ¶ 168, 184), and attaches, as an "example," the license agreement for one of the software works, FACSDiva Version 8.0. That attached agreement, which BD quotes, provides, inter alia, that FACSDiva Version 8.0 users (i) "shall use only (1) one copy of the Software on (1) one computer and . . . may make (1) one copy for back-up purposes"; (ii) may not "copy, modify, duplicate, translate, disassemble, or decompile the Software without BD's prior written consent"; (iii) may not "reverse engineer the Software"; and (iv) may not "otherwise use the Software except as expressly allowed" in the agreement. (See SAC ¶ 182.)[3] BD alleges Cytek breached the license agreements for the software works by "making unauthorized copies of those works and/or using those works beyond the scope of their respective software license agreements in connection with developing and promoting Cytek's own products" (see SAC ¶ 184), and that, as a result, it "suffered harm" (see SAC ¶¶ 184, 248).

In addition, BD alleges it owns all "copyright rights" in the above-referenced

---

[3] BD also attaches to the SAC the "Software Reference Manual for BD FACSDiva 8.0" and quotes passages therefrom. (See id. Ex. 7; id. ¶ 183.) BD does not allege this document constitutes a contract or that Cytek has breached its terms, nor has it otherwise explained its relevance.

2

software works and six "manuals" authored "in connection with its flow cytometer products" (hereinafter, collectively, "copyrighted works"). (See id. ¶¶ 168, 171.)[4] These copyrighted works were, according to certificates of registration attached to the SAC, published between 2003 and 2014 and registered with the United States Copyright Office on or after July 26, 2019. (See id. Exs. 2-4.) "Upon information and belief," BD alleges "Cytek's product development and commercialization efforts for its flow cytometer products involved the unauthorized copying, reproduction, and distribution of, and the unauthorized preparation of derivative works based on [the copyrighted works]." (See id. ¶ 167.) BD further alleges, again "upon information and belief," that Cytek "is continuing to make and distribute unauthorized copies of and derivative works based on [the copyrighted works], including copies altered to remove BD logos and product names and replace them with Cytek or Cytoville[5] names and artwork." (See id. ¶ 178.)

Based on the above, BD asserts a new Fifth Claim for Relief, "Breach of Contract," and a new Eighth Claim for Relief, "Copyright Infringement."

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[4] The six manuals are the (1) "BD FACSVerse System User's Guide," (2) "BD FACScan System Instructional Module," (3) "2004 BD FACSCanto II Instructions for Use," (4) "2005 BD FACSCanto II Instructions for Use," (5) "2006 BD FACSCanto II Instructions for Use," and (6) "technical specifications for BD's LSRFortessa X-20 Cell Analyzer." (See id. ¶ 175.)

[5] BD alleges Cytek "is the outcome of a merger between Cytek Development Inc., and Cytoville Inc." (See id. ¶ 145.)

3

allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

As noted, Cytek, by the instant motion, seeks an order dismissing BD's Fifth and Eighth Claims for Relief.[6] The Court addresses each such claim in turn.

### A. Fifth Claim for Relief (Breach of Contract)

Under California law, "[a] cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1489 (2006). Cytek argues BD has failed to adequately plead: (1) the

---

[6] Cytek does not challenge BD's first four Claims for Relief. BD's Sixth Claim for Relief, whereby BD realleges, without alteration, its previously asserted claim for "Inducing Breach of Contract," has been dismissed as preempted. (See Order, filed August 16, 2018, at 11:18.) BD's Seventh Claim for Relief, "Violation of California Unfair Competition Law," which claim BD likewise realleges without alteration, has been dismissed as preempted to the extent based on the allegation Cytek induced individual defendants to breach their contracts with BD (see id. at 11:21-22), and is proceeding to the extent based on the allegation that one of those defendants improperly filed a patent application in his own name while working at BD and spoke with potential investors about it. (See id. at 11:23 – 12:1.)

4

terms of the contracts Cytek allegedly breached; (2) how Cytek breached those contracts; and (3) the damages resulting from any such breach. As set forth below, the Court agrees.

### 1. Failure to Plead Terms

To plead a contract, a plaintiff must either allege its terms, as "set out verbatim in the complaint" or in "a copy of the contract attached to the complaint," or allege its "legal effect." Id. "In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." Id. (internal quotation and citation omitted).

In the SAC, as noted above, BD alleges Cytek breached the license agreements for four software works. BD, however, only alleges the terms of the license agreement for the FACSDiva Version 8.0 software. (See SAC Ex. 6 (copy of FACSDiva 8.0 agreement); id. ¶ 182 (quoting terms of FACSDiva 8.0 agreement).)[7]

With regard to the other three agreements, although BD admits it has neither alleged their terms nor attached copies thereof to the SAC, it argues it has adequately alleged their legal effect by "citing to the FACSDiva 8.0 license as an exemplar." (See Opp'n at 5:23.) The other three agreements, however, are either for different software, i.e., FACStation, or for versions of the FACSDiva software released one to three years before FACSDiva 8.0, and BD does not allege the terms of those agreements are identical to those quoted from the FACSDiva 8.0 agreement. Consequently, the Court cannot reasonably infer, from the terms of the FACSDiva 8.0 agreement, the "substance of [the] relevant terms" of those other agreements. See McKell, 142 Cal. App. 4th at 1489; Langan v. United Servs. Auto. Ass'n, 69 F. Supp. 3d 965, 979-80 (N.D. Cal. 2014) (dismissing breach of contract claim where Court could not "discern at least what material obligation of the contract the defendant allegedly breached").[8]

---

[7] Although, as Cytek argues, BD does not explicitly allege Cytek executed the FACSDiva 8.0 agreement in the form attached to the SAC, the Court, reading the SAC in the light most favorable to BD, finds BD's allegations in that regard are sufficient.

[8] The authorities on which BD relies, namely, Grouse River Outfitters Ltd v. NetSuite, Inc., No. 16-CV-2954-LB, 2016 WL 5930273 (N.D. Cal. Oct. 12, 2016) and

5

Accordingly, the Court finds BD has failed to sufficiently plead the terms or legal effect of the software license agreements for the FACStation Version 6.0.4, FACSDiva Version 6.1.3, and FACSDiva Version 7.0 software works.

### 2. Failure to Plead Breach

Even if BD had adequately alleged the terms of all four software license agreements are identical, it has failed to sufficiently plead how Cytek breached any of those terms.

To plead breach of contract, "[t]he complaint must identify the specific provision of the contract allegedly breached by the defendant." Donohue v. Apple, Inc., 871 F.Supp.2d 913, 930 (N.D.Cal.2012) (citing Progressive West Ins. Co. v. Super. Ct., 135 Cal. App.4th 263, 281 (2005)). Where a complaint fails to identify "the facts and circumstances surrounding the alleged breach, . . . it fails to give fair notice to defendants of the actions of which they are accused, in direct contravention of Rule 8." See Calip v. Tanigawa, No. 15-CV-02111-MMC, 2017 WL 512780, at *4 (N.D. Cal. Feb. 8, 2017) (internal alteration and citation omitted).

Here, BD alleges Cytek breached the license agreements for the software works "by, at a minimum, making unauthorized copies of those works and/or using those works beyond the scope of their respective software license agreements in connection with developing and promoting Cytek's own products." (See SAC ¶ 184.) For the following reasons, this allegation is insufficient to plead breach.

First, BD's use of "and/or" renders its allegation impermissibly vague. Where a claim rests on an "and/or" pleading, both allegations connected by "and/or" must independently suffice to state a claim. See Dioptics Med. Prod., Inc. v. IdeaVillage Prod. Corp., No. 08-CV-3538-PVT, 2010 WL 4393876, at *4 (N.D. Cal. Oct. 29, 2010). Here,

---

James River Ins. Co. v. DCMI, Inc., No. 11-CV-6345 WHA, 2012 WL 2873763 (N.D. Cal. July 12, 2012), are distinguishable. Neither involves an attempt to plead the legal effect of one contract by alleging, as an exemplar, the terms of a different contract. Rather, the claimant alleged the material obligations of the single contract at issue therein.

6

as set forth below, neither allegation connected by "and/or" sufficiently pleads breach of BD's software license agreements.[9]

As to the first "and/or" allegation, BD fails to allege any facts in support of its conclusory assertion that Cytek breached the license agreements by "making unauthorized copies" of the software works. (See SAC ¶ 184.) Without any allegations describing the conduct constituting the "unauthorized" copying, such allegation fails, and particularly where, as here, copying is allowed, but with a variety of limitations placed thereon. (See id. ¶ 182 (alleging FACSDiva Version 8.0 users may make "one copy" but only "for back-up purposes" and, assumedly as to other copies, may not do so "without BD's prior written consent")); see also Twombly, 550 U.S. at 555 (holding "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions") (internal quotation, citation, and alteration omitted)

BD's second "and/or" allegation, that Cytek breached the agreement by "using [the software works] beyond the scope of their respective software license agreements in connection with developing and promoting Cytek's own products," likewise is conclusory and lacks factual allegations identifying the particular challenged use or contractual provision prohibiting such use. (See SAC ¶ 182.) Although BD argues the license agreements prohibit Cytek from using the software works "in its research and development for a competing product" (see Opp'n at 8:4-5), BD has not identified in the SAC the particular contractual provision on which it relies for its assertion that such use is prohibited. See Donohue, 871 F.Supp.2d at 930 (holding "[t]he complaint must identify

---

[9] Neither Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393 (9th Cir 1986) nor Cree, Inc. v. Tarr, Inc., No. 17-CV-506-GPC, 2017 WL 3219974 (S.D. Cal. July 28, 2017), the cases on which BD relies, addresses whether the use of "and/or" rendered the allegations therein impermissible. Furthermore, in each case, the allegations connected by "and/or" independently sufficed to state a claim. See Schreiber Distributing Co., 806 F.2d at (holding allegation of "use of the United States mail and/or use of interstate telephone calls for the purpose of executing or attempting to execute . . . fraudulent scheme" sufficient to plead racketeering activities); Cree, 2017 WL 3219974 at *4 (holding allegation defendants "have built, maintain, and/or utilize numerous websites" satisfied "use" element of Lanham Act claims).

the specific provision of the contract allegedly breached by the defendant").

Lastly, BD has failed to adequately plead the time at which Cytek breached the software license agreements. BD argues it has sufficiently identified the timeframe by alleging Cytek's breach occurred "in connection with developing and promoting Cytek's own products." (See id.) Cytek's product development and promotion, however, began in 2014 and is ongoing. (See id. ¶ 4.) This years-long timeframe, coupled with BD's failure to identify any specific act(s) constituting any alleged breach, fails to "give [Cytek] fair notice of what the . . . claim is and the grounds upon which it rests." See Twombly, 550 U.S. at 555; Calip, 2017 WL 512780, at *4 (holding plaintiff must plead "the facts and circumstances surrounding the alleged breach").[10]

Accordingly, the Court finds BD has failed to adequately plead Cytek's breach of BD's software license agreements.

### 3. Failure to Plead Damages

Next, BD has failed to adequately plead damages resulting from Cytek's alleged breach. Under California law, a plaintiff must show "appreciable and actual damage" to assert a breach of contract claim. See Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1015 (9th Cir.2000); see also Cal. Civ. Code § 3301 ("No damages can be recovered for breach of contract which are not clearly ascertainable in both their nature and origin.").

In the SAC, as noted above, BD alleges that, as a result of Cytek's breach, it "suffered harm" and is "entitled to compensatory damages." (See SAC ¶ 184, 248, 249.) These conclusory allegations are insufficient to plead damages arising from breach of contract. See, e.g., In re Facebook Privacy Litig., 791 F. Supp. 2d 705, 717 (N.D. Cal.

---

[10] BD argues its allegations, made on information and belief, are nonetheless sufficient, as more specific information regarding when Cytek breached the software license agreements is exclusively within Cytek's control. Although the Court, in evaluating allegations made on information and belief, may consider whether "facts are peculiarly within the possession and control of the defendant," such latitude "does not mean that conclusory allegations are permitted." See Menzel v. Scholastic, Inc., No. 17-CV-5499-EMC, 2018 WL 1400386, *2 (N.D. Cal. March 19, 2018).

2011) (holding allegation plaintiffs "suffered injury" insufficient to plead "actual damages"; dismissing breach of contract claim); Adobe Sys. Inc. v. A & S Elecs. Inc., 153 F. Supp. 3d 1136, 1146 (N.D. Cal. 2015) (dismissing breach of contract claim where plaintiff alleged breach "ha[d] damaged Plaintiff entitling it to damages and reasonable fees and costs").[11]  In its opposition, BD states it is seeking damages based on a theory of lost sales.  No such allegation, however, appears in the SAC, either alone or accompanied by facts alleged in support thereof.

Accordingly, the Court finds BD has failed to adequately plead the element of damages.

**B.     Eighth Claim for Relief (Copyright Infringement)**

To state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act."  See UMG Recordings, Inc. v. Augusto, 628 F.3d 1175, 1178 (9th Cir. 2011).  The Copyright Act grants copyright owners the exclusive rights, among others, to copy, prepare derivative works based on, and distribute copyrighted works.  See 17 U.S.C. § 106(1)-(3).  Although "[a] copyright owner who grants a nonexclusive, limited license ordinarily waives the right to sue licensees for copyright infringement, . . . if the licensee acts outside the scope of the license, the licensor may sue for copyright infringement."  See MDY Indus., LLC v. Blizzard Entm't, Inc., 629 F.3d 928, 939 (9th Cir. 2010) (citation omitted).

Here, there is no dispute that BD owns valid copyrights for the alleged copyrighted

---

[11] The authorities on which BD relies, namely, Sierra View Local Health Care Dist. V. Influence Health, Inc., No. 15-CV-689-DAD, 2016 WL 2346799 (E.D. Cal. May 4, 2016) and James River Ins. Co., 2012 WL 2873763, are distinguishable on their facts, as, unlike here, the nature of the loss is alleged in each case. See Sierra View, 2016 WL 2346799 at *5 (holding damages allegation by counterclaimant sufficient where counterdefendant allegedly "failed to pay a $130,000 license fee, as well as a $3,125 monthly software maintenance fee[]"; James River, 2012 WL 2873763 at *4 (holding damages allegation sufficient where insured cross-complained against broker for losses insured would prove it incurred in defending underlying third-party lawsuit, "to the extent that [the insurer] rescinds its policies").

1  works. Rather, Cytek argues BD's copyright claim should be dismissed because BD has
2  failed to plausibly allege infringement of its copyrights, and, even if BD had done so, it
3  has failed to allege entitlement to various forms of relief. As set forth below, the Court
4  agrees.

### 1. Failure to Allege Violation of Scope of Software License Agreements

A copyright owner who has granted a license to use a copyrighted work may only recover for copyright infringement "where the licensee's action (1) exceeds the license's scope (2) in a manner that implicates one of the licensor's exclusive statutory rights. See MDY Indus., LLC, 629 F.3d at 940.

Here, as noted, BD alleges Cytek entered into license agreements for BD's four software works, and, consequently, to pursue a claim for infringement of its copyrights in those works, it must allege Cytek exceeded the scope of those licenses. As set forth above, however, BD has failed to adequately allege the terms or legal effect of three of said licenses, namely, the licenses for FACStation Version 6.0.4, FACSDiva Version 6.1.3, and FACSDiva Version 7.0, and, as to the fourth, the license for FACSDiva Version 8.0, has failed to plausibly allege breach thereof.

Accordingly, the Court finds BD has failed to adequately allege Cytek exceeded the scope of the license agreements for the software works and thus fails to show its copyrights in those works were infringed.

### 2. Failure to Allege Infringement

A copyright plaintiff "must plead some non-speculative facts about what [the defendant] infringed and how." See Synopsys, Inc. v. ATopTech, Inc., No. 13-CV-02965-SC, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013); see also Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637 (S.D.N.Y. 2008) (holding plaintiff must allege "by what acts during what time the defendant infringed the copyright").

Regarding infringement, BD alleges, "[u]pon information and belief," that "Cytek's product development and commercialization efforts for its flow cytometer products involved the unauthorized copying, reproduction, and distribution of, and the

1  unauthorized preparation of derivative works based on [the copyrighted works]."  (See
2  SAC ¶ 167.)  BD further alleges, again "upon information and belief," that Cytek "is
3  continuing to make and distribute unauthorized copies of and derivative works based on
4  [the copyrighted works], including copies altered to remove BD logos and product names
5  and replace them with Cytek or Cytoville names and artwork."  (See id. ¶ 178.)

6        The above-quoted allegations are, essentially, a "formulaic recitation of the
7  elements of a [copyright] cause of action," see Twombly, 550 U.S. at 555; see also 17
8  U.S.C. § 106 (setting forth exclusive rights to copy, prepare derivative works based on,
9  and distribute copies of copyrighted works), and, as such, are insufficient to plausibly
10 state a claim for relief, see, e.g., Richtek Technology Corp. v. UPI Semiconductor Corp.,
11 No. 09-CV-5659-WHA, 2011 WL 166198, at *3 (N.D. Cal. Jan. 18, 2011) (holding
12 allegation that defendants "have made unauthorized copies, prepared derivative works,
13 and distributed copies of [plaintiff's] copyright works" insufficient to state claim).

14       Although BD points to its additional allegation that Cytek made "copies altered to
15 remove BD logos and product names and replace them with Cytek or Cytoville names
16 and artwork" (see SAC ¶ 178), such language likewise is conclusory in nature.  BD need
17 not "specify each and every instance of infringement at the pleadings stage," but it must
18 submit at least a "representative sampling of infringed content," see Blizzard Entm't, Inc.
19 v. Lilith Games (Shanghai) Co. Ltd., 149 F. Supp. 3d 1167, 1173 (N.D. Cal. 2016),
20 namely, what parts of any BD manual(s) were copied, what portions of BD's software,
21 assuming Cytek exceed the scope of its license(s), were copied, and in what Cytek
22 document or software such copying is manifest.  See, e.g., MultiCraft Imports, Inc. v.
23 Mariposa USA, Inc., No. 16-CV-03975-DMG, 2017 WL 5664996, at *3 (C.D. Cal. Sept.
24 14, 2017) (holding that "[a]bsent any allegations of even representative infringements, the
25 FAC fails to provide notice as a matter of law").  To the extent BD cites to documents
26 attached as exhibits to its opposition, BD's reliance thereon is unavailing.  See Schneider
27 v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (holding courts "*may
28 not* look beyond the complaint to . . . a memorandum in opposition to a defendant's

11

motion to dismiss" (emphasis in original)); see also In re Turbodyne Technologies, Inc. Sec. Litig., No. 99–CV-00697-MMM, 2000 WL 33961193, *10 (C.D. Cal. Mar. 15, 2000) (declining to take judicial notice of exhibit attached to memorandum opposing motion to dismiss).[12]

Accordingly, the Court finds BD has failed to adequately allege infringement of its copyrights.

### 3. Relief under Copyright Act

"[A]ny demand for relief must be supported by facts showing at least potential entitlement to that form of relief." See Bird v. First Alert, Inc., No. 14-CV-3585-PJH, 2014 WL 7248734, at *4 (N.D. Cal. Dec. 19, 2014). By its copyright infringement claim, BD seeks "injunctive relief, its actual damages and Cytek's profits, or . . . to the extent appropriate, statutory damages, as well as its costs and reasonable attorney fees." (See SAC ¶ 275). Cytek argues that, even if BD had adequately alleged its copyright claim, it fails to plead sufficient facts to support its request for (1) statutory damages and attorney's fees, (2) profits, and (3) injunctive relief. The Court addresses each form of relief in turn.

#### a. Statutory Damages and Attorney's Fees

Under the Copyright Act, statutory damages and attorney's fees are unavailable if "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first

---

[12] The cases on which BD relies are distinguishable on their facts. See Star Fabrics, Inc. v. Dillards, Inc., No. 10-CV-5201-GAF, 2011 WL 13217121 (C.D. Cal. July 11, 2011) (finding complaint sufficient where plaintiff attached to its complaint images of copyrighted design and allegedly infringing garments containing said design); Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 644 (S.D.N.Y. 2008) (finding complaint sufficient where "26 images registered in Plaintiff's name" were "displayed on [defendants'] website); Clifton v. Houghton Mifflin Harcourt Publishing Co., 152 F. Supp. 3d 1221, 1222 (N.D. Cal. 2015) (finding plaintiff's allegation, that defendant "exceeded the limitations in licenses for photographs by, for example, . . . distribut[ing] the publication outside of the authorized distribution area," sufficient "in the book publishing context"); see also, e.g., Menzel, 2018 WL 1400386 at *2,*4 (declining to follow Clifton in case against book publisher; dismissing copyright claim where plaintiff "has not pointed to one concrete example of infringement").

publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412 (1)-(2). Consequently, to state a claim for statutory damages and attorney's fees, a plaintiff must allege "the date infringement commenced, the date of registration, and the date of first publication." See Lickerish, Inc. v. Alpha Media Grp., No. 13-CV-377-DMG, 2014 WL 12589641, at *5 (C.D. Cal. Jan. 2, 2014).

Here, as noted above, the certificates of registration attached to the SAC show BD's copyrighted works were published between 2003 and 2014 and were registered on or after July 26, 2019. (See SAC Exs. 2-4.) BD fails, however, to allege the date Cytek's alleged infringement commenced.

BD argues it "does identify the timeframe of at least some of Cytek's infringement: during the course of Cytek's research and development." (See Opp'n at 15:11-12.) Cytek's research and development, however, commenced no later than June 2017, the month BD alleges Cytek began selling its flow cytometers, and thus at least two years before the registration of BD's copyrighted works. Under such circumstances, statutory damages and attorney's fees are only available if BD had registered its copyrighted works within three months of their publication, and, as set forth above, BD did not effectuate registration until at least five years after publication.

Although BD argues only Cytek knows the "full extent" of its infringement, and that, to the extent Cytek may have engaged in other infringements, BD does not necessarily know whether those acts "commenced after BD's registration of the works at issue" (see Opp'n at 15:13-17), such possibility does not suffice to "raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555.

Accordingly, the Court finds BD has failed to adequately plead entitlement to statutory damages or attorney's fees under the Copyright Act.

### b. Cytek's Profits

The Copyright Act permits recovery of "any profits of the infringer that are attributable to the infringement." See 17 U.S.C. § 504(b).

Cytek, citing Mackie v. Rieser, 296 F.3d 909 (9th Cir. 2002), argues a plaintiff seeking profits must present "'sufficient non-speculative evidence to support a causal relationship' between the infringement and the profits generated therefrom" (see Mot. at 17:9-10 (quoting Mackie, 296 F.3d at 915-16)), and, as Cytek points out, the SAC contains no allegations as to Cytek's profits, let alone facts sufficient to support a finding of a causal relationship between any of Cytek's profits and its alleged infringement. BD, in response, contends Mackie, a case addressing summary judgment, is inapplicable at the present stage of the proceedings. A "causal relationship" between infringement and profits is, however, an element of a claim for profits under § 504(b). See Mackie, 296 F.3d at 916; see also 17 U.S.C. § 504(b) (limiting recovery of profits to those "attributable to the infringement"). Consequently, as with any element of a claim, BD must allege facts in support thereof. See Twombly, 550 U.S. at 562 (noting "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery" (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1989))); see also Hunter v. Tarantino, No. CV10-CV-3387-SJO, 2010 WL 11579019, at *11 (C.D. Cal. July 15, 2010) (granting motion to dismiss where plaintiff failed to allege causal relationship between alleged infringement and defendant's profits).[13]

BD further argues that, even if it is required to plead a causal relationship between Cytek's infringement and its profits, it has adequately done so by alleging Cytek's infringement occurred "in order to facilitate its own 'product development and commercialization efforts.'" (See Opp'n 16:3-4 (quoting SAC ¶ 167).) An allegation that Cytek's infringement was motivated by a quest for profits, however, does not, standing alone, give rise to a plausible inference that any profits realized by Cytek are "attributable to the infringement." See 17 U.S.C. § 504(b); Mackie, 296 F.3d at 914 (holding district

---

[13] To the extent Dickert v. N. Coast Family Health, Inc., No. 14-CV-315-JL, 2015 WL 3988676 (D.N.H. June 10, 2015), an out-of-circuit district court opinion on which BD primarily relies, holds to the contrary, the Court declines to follow it; in Shade v. Gorman, No. 08-CV-3471-SI, 2009 WL 196400 (N.D. Cal. Jan. 28, 2009), the other case on which BD relies, no claim for profits was asserted.

court can "preclude recovery of a defendant's profits if they are only remotely or speculatively attributable to the infringement").

Accordingly, the Court finds BD has failed to adequately plead entitlement to Cytek's profits under the Copyright Act.

### c. Injunctive Relief

To obtain injunctive relief, a plaintiff must show it is "realistically threatened by a repetition of the violation." See Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir. 2006) (internal quotation and citation omitted). Cytek argues BD's allegation of "continuing" infringement (see SAC ¶ 178) is insufficient to support such a finding. In light of the Court's finding that BD has failed to adequately allege a claim for copyright infringement, however, the Court cannot meaningfully address at this time what language may suffice to plead a threat of repeated violation.

### CONCLUSION

For the reasons set forth above, Cytek's motion is hereby GRANTED and BD's Fifth and Eighth Claims for Relief are hereby DISMISSED with leave to amend to cure the deficiencies noted. BD's Third Amended Complaint, if any, shall be filed no later than May 6, 2020.

**IT IS SO ORDERED.**

Dated: April 15, 2020

MAXINE M. CHESNEY
United States District Judge